## In re Peter J.R. MARTIN, Esq.

[660 A.2d 300]

No. 95-074

April 12, 1995. Pursuant to the recommendation of the Professional Conduct Board filed February 9, 1995, and approval thereof, it is hereby ordered that Peter J.R. Martin, Esq., be publicly reprimanded for the reasons set forth in the board's Notice of Decision attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E.

### NOTICE OF DECISION

This matter involves the embezzlement of over $100,000 from respondent's attorney trust account by his office manager. Respondent and bar counsel stipulated as to the facts but differ in their view as to the appropriate sanction. Pursuant to A.O. 9, Rule 8D, we held a hearing on January 6, 1995, and heard argument from bar counsel, who recommended a period of suspension not to exceed three months, and from respondent's counsel, John Kellner, Esq. Respondent himself also addressed the Board.

After consideration of briefs and oral arguments, we recommend to the Supreme Court that respondent be publicly reprimanded.

### FACTS

Respondent has been a member of the Vermont Bar for nearly 25 years and has no record of any prior disciplinary infractions. He has maintained a small law practice, generally with the help of one associate and some support staff in St. Albans, where he has engaged in general practice.

From 1978 to 1992, respondent em-

ployed one Cynthia Coon as a secretary and eventually as an office manager and bookkeeper. Ms. Coon handled the financial management of the law firm. She paid all expenses — taxes, payroll, supplies — and managed the income. She had signature authority on almost all of respondent's office-related nontrust accounts.

Respondent placed enormous trust in Ms. Coon and did not personally review or supervise any of the accounts in his office. In 1988, respondent learned that Ms. Coon had failed to pay some $10,000 in federal payroll taxes. Ms. Coon assured him that she would resolve this problem and respondent left it to her to do so. He assumed that his yearly audits by a certified public accountant gave him sufficient independent oversight.

In 1991, respondent learned that his law firm owed $40,000 in delinquent payroll taxes. Again, he was reassured by Ms. Coon that she was on top of the problem and that the debt was being resolved. Respondent did not undertake a personal review of the firm's financial records and bookkeeping.

In 1992, respondent learned that Ms. Coon had embezzled some $130,000 from him and his client trust accounts. The diversion of funds had been accomplished by a number of methods, including forgery. Respondent found that $113,000 of the embezzled funds had come from the Mary Morey estate of which he was the executor.

At the time Ms. Coon unlawfully diverted these funds, respondent did not have in place appropriate accounting and audit procedures as required by the Code of Professional Responsibility.

Respondent was shocked when he learned of the embezzlement. He immediately reported Ms. Coon to local law enforcement and brought a civil suit against her. He retained an accountant to audit his books and identify how the money was taken and from which accounts. He notified every client of the diversion and began making every effort to repay them.

Respondent acknowledged complete responsibility for these losses and cooperated fully with bar counsel throughout the pendency of these disciplinary proceedings. Respondent has been financially and emotionally devastated by Ms. Coon's betrayal of his trust. There is no doubt that respondent is extremely remorseful for the damage caused by his neglect of his professional responsibility to safeguard client property.

Respondent has fully repaid all injured clients except the Morey estate, which is still owed approximately $30,000. Respondent fully acknowledges his obligation to repay the estate and continues in his efforts to satisfy that obligation.

Respondent now has in place appropriate accounting and audit measures.

## CONCLUSIONS

Disciplinary Rule 9-102(B)(3) provides:

> A lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to the client regarding them.

Disciplinary Rule 9-102(C) provides a detailed description of how every attorney shall maintain a trust accounting system. Respondent has conceded that he violated both of these disciplinary rules.

We find that respondent's misconduct was due to his gross negligence in turning over financial matters to a bookkeeper without proper oversight. It is easy to understand how respondent came to place so much trust in an employee who was so integral to his practice. However, it is difficult to understand how respondent could have ignored the early warning signs of bookkeeping trouble — the $10,000 debt to the IRS which grew to $40,000. Those incidents should have

prompted respondent to take a good, hard look at how financial matters were being handled in his office.

We agree with bar counsel that normally such gross neglect requires suspension. The Commentary to Standard 2.13 of the ABA Standards for Imposing Lawyer Sanctions suggests that a public reprimand is appropriate when the lawyer acts negligently but that suspension is appropriate when the lawyer is grossly negligent. Similar cases from other jurisdictions support her argument. See, for example, *In re Librizzi*, 569 A.2d 257, 263 (N.J. 1990) (failure to reconcile bank account for 12 years led to $25,000 shortage and a six-month suspension from practice); *In re Scanlan*, 697 P.2d 1084 (Ariz. 1985) (lawyer who allowed a secretary whom he had found stealing money from his operating account to continue to handle trust accounts was suspended for six months after the secretary embezzled $30,000 from him); and *Louisiana State Bar Ass'n v. Keys*, 567 So. 2d 588 (La. 1990) (lawyer who learned of secretary's improper withdrawal of $22,000 from trust account and who reimbursed the account, but did not notify the client, was suspended for thirty days).

We decline to recommend a suspension here because of the many mitigating factors present (absence of a prior disciplinary record, absence of a dishonest or selfish motive, timely good faith effort to make restitution, full and free disclosure to disciplinary board, character and reputation, imposition of other penalties and sanctions, and remorse) and the presence of only one aggravating factor (substantial experience in the practice of law). Under the ABA Standards, those mitigating factors can properly be applied to so reduce the level of sanction.

Further, there is no suggestion that respondent poses any threat to the public or to the profession. It is highly unlikely that he will ever again violate the Code of Professional Responsibility. The only argument favoring suspension is bar counsel's concern that a strong message needs to be sent to the Bar in light of the recent and distressing flurry of minor trust account violations. We believe the Supreme Court can make that message clear to the Vermont Bar by publicly reprimanding respondent in this case.

For all of the foregoing reasons, we respectfully recommend to the Vermont Supreme Court that it publicly reprimand respondent for violating DR 9-102.